**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
**SULZER MIXPAC AG,**

|  |  |
|---|---|
| **Plaintiff,** | **COMPLAINT** |
| -against- | |
| **A&N TRADING COMPANY,** | **TRIAL BY JURY DEMAND** |
| **Defendant.** | |

-------------------------------------------------------------X

Plaintiff Sulzer Mixpac AG ("Mixpac" or "Plaintiff") submits this complaint against Defendant A&N Trading Company ("Defendant") seeking damages, injunctive and other relief for trademark counterfeiting, trademark infringement and related claims, and alleges as follows:

## PARTIES

1.     Plaintiff Sulzer Mixpac AG is a Swiss corporation with its principal place of business at Rütistrasse 7, CH-9469 Haag, Switzerland.

2.     Defendant A&N Trading Company (hereafter "A&N" or "Defendant") is a Korean company, having a business address of 191 Gaejwa-ro, Geumjeong-gu, Busan, 4625, South Korea.

## JURISDICTION AND VENUE

3.     This court has jurisdiction over Mixpac's trademark counterfeiting and trademark infringement claims under 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1121.

4.     This court has personal jurisdiction over Defendant because it has transacted and is transacting business in this district and has sold, offered for sale, distributed, or advertised products that infringe Mixpac's registered and common law trademarks in this

judicial district. Defendant has also made, used, imported, sold, or offered for sale in the United States, including within this judicial district, products which infringe Mixpac's trademarks, specifically U.S. Trademark Registration No. 4,051,261 (Dome Shape regardless of color), Reg. No. 4,674,109 (yellow), Reg. No. 3,762,232 (yellow), Reg. No. 4,879,515 (teal/green), Reg. No. 3,762,233 (teal/green), Reg. No. 3,976,379 (blue), Reg. No. 4,879,519 (blue), Reg. No. 3,976,380 (pink), Reg. No. 4,879,517 (pink), Reg. No. 3,976,381 (purple), Reg. No. 4,879,518 (purple), Reg. No. 3,976,382 (brown), and Reg. No. 4,879,516 (brown).

5.      Defendant has substantial and continuous contacts with New York and has committed acts of infringement in New York, including the Southern District of New York, sufficient to confer personal jurisdiction upon it. Specifically, Defendant has offered for sale infringing mixing tips at the 2016 Greater New York Dental Meeting on November 27, 2016.

6.      Venue properly lies in this court under 28 U.S.C. §§ 1391(b) and (c) because Defendant is subject to personal jurisdiction and have committed acts of trademark infringement in this district. Defendant's offering and selling its products in New York gives rise to proper venue as a substantial part of its infringing acts have occurred in this district.

## BACKGROUND

### This Court Has Entered an Order that Enjoins Defendant's Mixing Tips

7.      In response to prior infringement by Defendant's manufacturer Seil Global, this court on May 28, 2013, entered an Order for Civil Contempt of Permanent Injunction Against Seil Global Co. Ltd. and for Sanctions (the "Order") that found the "New Design" Seil Global mixing tips infringed Sulzer's Colored Dome Mark and Mixpac Trade

- 2 -

dress rights ("Enjoined Mixing Tips"). *See* May 28, 2013 Order, attached as **Exhibit A**. The

Enjoined Mixing Tips are shown below:



**Enjoined "Seil Global New Design" Mixing Tips**

8.      Defendant is aware of the Order and of Mixpac's rights, and is acting in

concert with Seil Global to sell its mixing tips in the United States and in this district. See

images of Defendant's mixing tips offered for sale at its GNYDM 2016 booth:



**Defendant's Mixing Tips Offered For Sale**

9.      As such, the Order is binding upon Defendant. Seil Global has used

Defendant as its alter ego to do what it was ordered not to do—sell the Enjoined Mixing Tips.

Defendant holds itself out as a distributor for Seil Global.

## Mixpac's Three-Part Mixing System

10.    Mixpac is the exclusive manufacturer in Switzerland of a proprietary three-part system for mixing two-part adhesives for dental applications. The system consists of 1) a dispenser-like caulking gun, 2) a cartridge containing a two-part chemical such as an epoxy having a catalyst and a resin, and 3) a mixing tip that mixes the chemicals before they are applied for making, for example, an impression or mold for teeth.

## The Registered Mixing Tips' Candy Color Marks

11.    Mixpac has since at least as early as 1997 used distinctive color design Marks for its mixing tips (hereinafter "Candy Color Marks").

12.    The Candy Color Marks have been used to identify Mixpac's dental mixing system and tips.

13.    Mixpac's Candy Color Marks includes the line of mixing tips with six pleasing "candy-like" colors of yellow, teal, blue, pink, purple, and brown ("Candy Colors").

14.    The Candy Color Marks are non-functional. They are not essential to the product's purpose, and they are not dictated by concern for cost efficiency. This is evidenced by other companies in the industry that use different designs and colors, or no colors, for their dental products, none of which include the Candy Colors, or the design features of the Candy Color Marks.

15.    The Candy Color Marks are distinctive and identify a single source. Additionally, over more than fifteen (15) years the Candy Color Marks have acquired secondary meaning as the relevant public has come to associate the Candy Color Marks with a single source - Mixpac. Mixpac informs the dental public to "look for" the Candy Color

Marks and informs that the Candy Colors are trademarks. Purchasers choose mixing tips based on the Candy Color Marks.

### Plaintiffs Candy Color Marks and U.S. Trademark Registrations

16.     Mixpac owns thirteen U.S. Trademark Registrations for the look of the mixing tips: U.S. Trademark Reg. No. 4,674,109 (yellow), Reg. No. 3,762,232 (yellow), Reg. No. 4,879,515 (teal/green), Reg. No. 3,762,233 (teal/green), Reg. No. 3,976,379 (blue), Reg. No. 4,879,519 (blue), Reg. No. 3,976,380 (pink), Reg. No. 4,879,517 (pink), Reg. No. 3,976,381 (purple), Reg. No. 4,879,518 (purple), Reg. No. 3,976,382 (brown), and Reg. No. 4,879,516 (brown) (collectively, "the Candy Color Trademark Registrations"), and Reg. No. 4,051,261 (Dome Shape only - no color). Copies of the registration certificates are attached as **Exhibit B**. See charts below:

| Reg. | 4051261 | 3762232 | 3976380 | 3976382 | 3976379 | 3976381 | 3762233 |
|------|---------|---------|---------|---------|---------|---------|---------|
| **Mark** |  |  |  |  |  |  |  |

| Reg. No. | 4,674,109 | 4,879,517 | 4,879,516 | 4,879,519 | 4,879,518 | 4,879,515 |
|----------|-----------|-----------|-----------|-----------|-----------|-----------|
| Mark |  |  |  |  |  |  |

Plaintiff's trademark registrations are prima facie evidence of the validity of the marks and registration of the marks, and Mixpac's exclusive right to use the marks in connection with mixing tips.

### Defendant's Counterfeit Mixing Tips

17. Defendant has capitalized on the success of the Mixpac mixing tips by copying the distinctive Candy Color Marks, and using the wide exposure of the Greater New York Dental Meetings, to intentionally confuse purchasers into believing the counterfeit products are manufactured or licensed by Mixpac ("Counterfeit Mixing Tips").

18. Defendant has copied the distinctive Candy Color Marks. See images of Defendant's infringing mixing tips shown at its GNYDM 2016 Booth, attached hereto as **Exhibit C**.

19. Defendant's mixing tips are counterfeit as they are spurious and are identical with or substantially indistinguishable from Mixpac's Candy Color Marks as shown in the Candy Colored Mark Registrations.

20.     Defendant's copied mixing tips are of unknown quality and safety and reliability, and threaten Mixpac's reputation in its product, to the detriment of Mixpac and the public.

21.     Defendant has advertised and offered Counterfeit Mixing Tips for sale to customers in this district.

**This Court Has Entered Several Restraining Orders, Consent or Default Judgments, and Injunctions Which Confirm the Validity and Infringement of the Plaintiff's Candy Color Marks and the Candy Colors**

22.     In *Sulzer Mixpac v. TPC Advanced Technologies, Inc.*, 08 Civ. 10364 (DC), this Court entered a Temporary Restraining Order against further infringement of the Candy Color Marks on December 1, 2008, and the Court later entered six consent or default judgments which confirm the validity and infringement of the Candy Color Marks. On November 30, 2009 in *Sulzer Mixpac v. Ritter GmbH, NSJ and Peng Waves*, 09 Civ. 9705 (DAB) the Court issued a TRO, followed by the issuance of a Preliminary Injunction on December 14, 2009, and later a default judgment confirming the validity and infringement of Mixpac's Candy Color Marks.  In *Sulzer Mixpac USA v. Purelife Gloves, LLC*, 09 Civ. 10430 (DAB) and *Sulzer Mixpac USA v. Crown Dentalsply et al.*, 10 Civ. 8911 (DAB), the Court entered consent judgments further confirming the validity and infringement of the Candy Color Marks on May 10, 2011 and April 21, 2011, respectively. Further, in *Sulzer Mixpac USA v. Rainbow Specialty & Health Products (USA) et al.*, 12 Civ. 6970 (RJS), *Sulzer Mixpac USA v. UC Dental Products, Inc. dba Happystone Dental Supply* 12 Civ. 7863 (LTS), *Sulzer Mixpac USA v. Spident USA, Inc. and Spident Co., Ltd. et al.*, 12 Civ. 8563 (PAC), and *Sulzer Mixpac v. DXM et al.*, 15 Civ. 9359 (ER), the court entered consent judgments confirming the

validity and infringement of the Candy Color Marks on November 21, 2012, November 27, 2012, March 12, 2013, December 23, 2015, and June 16, 2016, respectively. *See* **Exhibit D**.

**COUNT I**

**TRADEMARK COUNTERFEITING UNDER 15 U.S.C. § 1114**

23.    Mixpac realleges and incorporates herein by reference the allegations in paragraphs 1 through 22 of its complaint.

24.    Defendant has advertised, offered for sale, distributed, or sold mixing tips which are spurious and which are identical with or are substantially indistinguishable from Mixpac's yellow or other color mixing tips as shown in the Candy Color Trademark Registrations, Reg. No. 4,674,109 (yellow), Reg. No. 3,762,232 (yellow), Reg. No. 4,879,515 (teal/green), Reg. No. 3,762,233 (teal/green), Reg. No. 3,976,379 (blue), Reg. No. 4,879,519 (blue), Reg. No. 3,976,380 (pink), Reg. No. 4,879,517 (pink), Reg. No. 3,976,381 (purple), Reg. No. 4,879,518 (purple), Reg. No. 3,976,382 (brown), and Reg. No. 4,879,516 (brown), and/or the Registration, Reg. No. 4,051,261 (Dome Shape - no color).

25.    Defendant's conduct is likely to cause confusion, to cause mistake, and to deceive as to Defendant's affiliation, connection, association, or sponsorship with Mixpac.

26.    Defendant's infringement is willful and with notice of Mixpac's trademark registrations.

27.    Mixpac has no adequate remedy at law. Defendant's conduct has caused and, if not enjoined, will continue to cause irreparable damage to Mixpac. As a result of Defendant's wrongful conduct, Mixpac is entitled to injunctive relief, Defendant's profits, statutory damages, damages, and attorney's fees and costs.

**COUNT II**

**TRADEMARK INFRINGEMENT OF THE REGISTERED CANDY COLOR MARKS
BY DEFENDANT UNDER 15 U.S.C. §§ 1125(a) and 1114**

28.     Mixpac realleges and incorporates herein by reference the allegations in paragraphs 1 through 27 of its complaint.

29.     Defendant adopted its trade dress for its mixing tips with knowledge of the Candy Color Marks and Candy Colors.

30.     Defendant has misleadingly used, and continue to use, a confusingly similar trade dress to the Candy Color Mark Registration, which is likely to cause confusion, to cause mistake, and to deceive as to Defendant's affiliation, connection, association, or sponsorship with Mixpac.

31.     Defendant's acts are calculated to deceive, or are likely to deceive, the public, which recognizes and associates the Candy Color Marks with Mixpac. Moreover, Defendant's conduct is likely to cause confusion, to cause mistake, or to deceive the public as to the source of Defendant's products, or as to a possible affiliation, connection with or sponsorship by Mixpac.

32.     Defendant's conduct has caused Mixpac to suffer and, unless enjoined by the court, will cause Mixpac to continue to suffer damage to its operation, reputation, and goodwill and will suffer the loss of sales and profits that Mixpac would have made but for Defendant's acts. Defendant has been, and will continue to be, unjustly enriched by its unlawful acts.

33.     Defendant's infringement is willful and with notice of Mixpac's trademark registrations.

34.     Mixpac has no adequate remedy at law. Defendant's conduct has caused and, if not enjoined, will continue to cause irreparable damage to Mixpac. As a result of Defendant's wrongful conduct, Mixpac is entitled to injunctive relief, Defendant's profits, damages, and attorney's fees and costs.

## COUNT III

## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)

35.     Mixpac realleges and incorporates herein by reference the allegations in paragraphs 1 through 34 of its complaint.

36.     Defendant's mixing tips use the Candy Color Marks in such a way as to unfairly compete in the marketplace by drawing a false association between Defendant's products and Mixpac including offering Counterfeit Mixing Tips at the 2016 Greater New York Dental Meeting.

37.     Defendant has made false designations of origin and false or misleading descriptions or representations of fact in commercial advertising or promotion which misrepresent the nature, characteristics, qualities, sponsorship, or association with another person's goods, services, or commercial activities in violation of 15 U.S.C. § 1125(a).

38.     Defendant has violated and, upon information and belief, intend to continue to willfully, knowingly, and intentionally violate 15 U.S.C. § 1125(a) by its unlawful acts in a manner that is likely to cause confusion, mistake or deceive as to the nature, characteristics, or qualities of its goods, services, or commercial activities.

39.     Defendant's conduct has caused Mixpac to suffer irreparable harm and, unless enjoined by the court, will cause Mixpac to continue to suffer damage to its operation,

reputation, and goodwill, and will suffer the loss of sales and profits that Mixpac would have made but for Defendant's acts. Defendant has been, and will continue to be, unjustly enriched by its unlawful acts.

40.     Defendant has willfully made false designations of origin with knowledge and with notice of Mixpac's trademark rights.

41.     Mixpac has no adequate remedy at law. Defendant's conduct has caused and, if not enjoined, will continue to cause irreparable damage to Mixpac. As a result of Defendant's wrongful conduct, Mixpac is entitled to injunctive relief, Defendant's profits, damages, and attorney's fees and costs.

## COUNT IV
## VIOLATION OF N.Y. GEN. BUS. LAW § 349

42.     Mixpac realleges and incorporates herein by reference the allegations in paragraphs 1 through 41 of its complaint.

43.     Defendant's acts, including the unauthorized manufacture and distribution of its mixing tips, constitute a violation of General Business Law § 349 because they are likely to cause confusion or mistake, or deceive consumers into thinking that Defendant's and Mixpac's products emanate from the same source. The public has an interest in being able to correctly identify the source of the Mixpac products.

44.     Defendant's conduct has caused harm to the public because its products compromise the health or safety of consumers of dental products or services.

45.     Defendant willfully engaged in one or more deceptive trade practices.

46.     Mixpac has no adequate remedy at law. Defendant's conduct has caused and, if not enjoined, will continue to endanger consumers of dental products or services and

cause irreparable damage to Mixpac. As a result of Defendant's wrongful conduct, Mixpac is entitled to injunctive relief, Defendant's profits, damages, and attorney's fees and costs.

## COUNT V

## VIOLATION OF N.Y. GEN. BUS. LAW § 350

47.     Mixpac realleges and incorporates herein by reference the allegations in paragraphs 1 through 46 of its complaint.

48.     Defendant's acts violate General Business Law § 350 because, by offering copies of Mixpac's products, they falsely represent to consumers and professionals that its products are somehow associated or affiliated with, sponsored, or endorsed by Mixpac.

49.     Defendant's acts and misrepresentations are likely to cause confusion, mistake, or deception as to the source of its products and services.

50.     Should such misrepresentations continue, it will produce an irreparable injury to Mixpac because it allows Defendant to trade off Mixpac's goodwill and unfairly and improperly market its goods through misleading statements.

51.     Defendant's conduct has caused harm to the public because its products compromise the health or safety of consumers of dental services.

52.     Defendant has willfully made false representations with knowledge and with notice of Mixpac's trademark rights.

53.     Defendant's acts have caused, and continue to cause, irreparable harm to Mixpac. Unless this court enjoins Defendant from continuing its unauthorized acts, Mixpac will continue to suffer irreparable harm. As a result of Defendant's wrongful conduct, Mixpac is entitled to injunctive relief, Defendant's profits, damages, and attorney's fees and costs.

- 12 -

## COUNT VI

## VIOLATION OF N.Y. GEN. BUS. LAW § 360-1

54.     Mixpac realleges and incorporates herein by reference the allegations in paragraphs 1 through 53 of its complaint.

55.     Defendant's conduct is likely to cause injury to Mixpac's reputation and dilute the distinctive quality of its trademarks.

56.     Mixpac's Candy Color Marks are highly distinctive and has become well known and widely respected in the dental industry.

57.     Mixpac's products are safe and meet Mixpac's standards for quality and cleanliness.

58.     Mixpac's mixing tips have been properly tested to fit and work effectively with Mixpac's complementary dispensing systems.

59.     Defendant's products may not be safe and may not meet Mixpac's standards for quality and cleanliness.

60.     Defendant's use of Mixpac's Candy Color Marks on its identical (in appearance), yet potentially substandard, products is likely to cause consumers to believe that Defendant's products emanate from the same source as Mixpac's.

61.     Defendant's unlawful manufacture and distribution of products bearing Mixpac's distinctive trademarks are likely to tarnish Mixpac's image and blur the distinctive quality of its marks.

62.     Defendant's actions threaten to undermine and damage the goodwill and reputation associated with Mixpac's trademark in the eyes of the dental trade industry and general consuming public.

63.     Defendant has willfully made false statements with knowledge and with notice of Mixpac's trademark rights.

64.     Defendant's acts have caused, and continue to cause, irreparable harm to Mixpac. Unless this Court enjoins Defendant from continuing its unauthorized acts, Mixpac will continue to suffer irreparable harm. As a result of Defendant's wrongful conduct, Mixpac is entitled to injunctive relief, Defendant's profits, damages, and attorney's fees and costs.

## COUNT VII

## COMMON LAW TRADEMARK INFRINGEMENT

65.     Mixpac realleges and incorporates herein by reference the allegations in paragraphs 1 through 64 of its complaint.

66.     Defendant adopted the look of its mixing tips with knowledge of the Candy Color Marks and Candy Colors.

67.     Defendant have misleadingly used, and continue to use, a confusingly similar trade dress to the Candy Color Marks and Candy Colors that is likely to cause confusion, to cause mistake, and to deceive as to Defendant's affiliation, connection, association, or sponsorship with Mixpac.

68.     Defendant's acts are calculated to deceive, or are likely to deceive, the public, which recognizes and associates the Candy Color Marks and Candy Colors with Mixpac. Moreover, Defendant's conduct is likely to cause confusion, to cause mistake, or to

deceive the public as to the source of Defendant's products, or as to a possible affiliation, connection with, or sponsorship by Mixpac.

69.     Defendant has willfully infringed with knowledge and with notice of Mixpac's trademark rights.

70.     Defendant's acts have caused, and continue to cause, irreparable harm to Mixpac. Unless this court enjoins Defendant from continuing its unauthorized acts, Mixpac will continue to suffer irreparable harm. As a result of Defendant's wrongful conduct, Mixpac is entitled to injunctive relief, Defendant's profits, damages, and attorney's fees and costs.

## COUNT IX

## COMMON LAW UNFAIR COMPETITION

71.     Mixpac realleges and incorporates by reference the allegations in paragraphs 1 through 70 of its complaint.

72.     Defendant's acts constitute unfair competition under common law.

73.     Defendant adopted its trade dress in bad faith as they knowingly, willfully, and intentionally copied the shape and colors of Mixpac's product to trade off Mixpac's labor, expenditures, and good will.

74.     Defendant's mixing tips utilize the Candy Color Marks and Candy Colors in such a way as to unfairly compete in the marketplace by drawing a false association between Defendant's products and Mixpac.

75.     Defendant have made false designations of origin and false or misleading descriptions or representations of fact in commercial advertising or promotion which

misrepresent the nature, characteristics, or qualities of another person's goods, services, or commercial activities.

76.     Defendant's conduct has caused Mixpac to suffer irreparable harm and, unless enjoined by the court, will cause Mixpac to continue to suffer damage to its operation, reputation, and goodwill and will suffer the loss of sales and profits that Mixpac would have made but for Defendant's acts. Defendant has been, and will continue to be, unjustly enriched by its unlawful acts.

77.     Mixpac has no adequate remedy at law. Defendant's conduct has caused and, if not enjoined, will continue to cause irreparable damage to Mixpac. As a result of Defendant's wrongful conduct, Mixpac is entitled to injunctive relief, Defendant's profits, damages, and attorney's fees and costs.

## RELIEF REQUESTED

Wherefore, Mixpac requests that the court enter a judgment in Mixpac's favor and against Defendant and provide Mixpac the following relief:

A.     Order, adjudge, and decree that Defendant has infringed the Mixpac Candy Color Marks and Candy Colors under 15 U.S.C. §§ 1114, 1125(a);

B.     Order, adjudge, and decree that Defendant has committed trademark counterfeiting of U.S. Trademark Registrations, Reg. No. 4,674,109 (yellow), Reg. No. 3,762,232 (yellow), Reg. No. 4,879,515 (teal/green), Reg. No. 3,762,233 (teal/green), Reg. No. 3,976,379 (blue), Reg. No. 4,879,519 (blue), Reg. No. 3,976,380 (pink), Reg. No. 4,879,517 (pink), Reg. No. 3,976,381 (purple), Reg. No. 4,879,518 (purple), Reg. No. 3,976,382 (brown), and Reg. No. 4,879,516 (brown), and the Registration, Reg. No. 4,051,261 (Dome Shape - no color) under 15 U.S.C. § 1114;

C.      Order, adjudge, and decree that Defendant willfully and knowingly infringed the Mixpac Candy Color Marks and the Candy Colors;

D.      Issue a preliminary and permanent injunctive relief prohibiting Defendant and its respective parents, subsidiaries, principals, officers, agents, affiliates, servants, attorneys, employees, and all others in privity with them from using any trademark or trade dress which is likely to be confused with the Candy Color Marks and the Candy Colors;

E.      Order Defendant to identify and recall from customers and destroy all infringing materials, including but not limited to all packaging and advertising incorporating the infringing trade dress or any other trade dress confusingly similar to the Candy Color Marks and Candy Colors;

F.      Award Mixpac damages for trademark infringement including prejudgment interest and costs against Defendant under 15 U.S.C. § 1117;

G.      Award Mixpac three times its damages to compensate Mixpac under 15 U.S.C. § 1117;

H.      Award Mixpac its reasonable attorney's fees under 15 U.S.C. § 1117;

I.      Award Mixpac statutory damages for trademark counterfeiting pursuant to 15 U.S.C. § 1117; and

J.      Award such other and further relief as the court may deem just.

Dated: New York, New York
       November 28, 2016

Charles D. Cole, Jr.
Newman Myers Kreines Gross Harris, P.C.
40 Wall Street

- 17 -

New York, New York 10005-1335
(212) 619-4350
dcole@nmkgh.com

-and-

Michael T. Murphy
Daniel Hwang
Global IP Counselors, LLP
1233 Twentieth Street NW, Suite 600
Washington, D.C. 20036
(202) 293-0585
mmurphy@giplaw.com

Attorneys for Sulzer Mixpac AG